### MANCOURT–WINTERS COAL CO. v. ST. CLAIR PAPER CO.

(District Court, E. D. Michigan, S. D. February 24, 1919.)

#### No. 230.

1. CORPORATIONS ⬤⟿472—BONDS—ISSUANCE—CONDITION PRECEDENT—NON-PERFORMANCE.

Where a paper company delivered its bonds to a coal company, either as payment or as collateral security for part of its open account for coal, on condition and in consideration of the coal company's promise that the account should be increased by a reasonable amount, the carrying out of such arrangement by the coal company by shipping further coal was a condition precedent to its right to retain the bonds as payment or security, and, the condition not having been fulfilled, the coal company is not entitled to the bonds or their value.

2. CORPORATIONS ⬤⟿474—BONDS—TOTAL FAILURE OF CONSIDERATION—FAILURE IN FACT PARTIAL.

Where a paper company gave its bonds to a coal company as payment or collateral security for a portion of its open account for coal, on consideration that the account should be increased and further coal shipped to a reasonable amount, though such agreement was only part consideration for the delivery of the bonds, the other part having been the past indebtedness, the failure of the coal company to perform the condition and deliver further coal operated in law as a total failure of consideration; the portion of the consideration unperformed going to a vital part of the contract and affecting its substance.

3. EQUITY ⬤⟿71(1)—LACHES—MERE DELAY.

Delay alone, even if unreasonable, does not constitute laches.

In Equity. Suit by the Mancourt-Winters Coal Company against the St. Clair Paper Company. On exceptions to the report of the master, disallowing plaintiff's claim against the receiver and bondholders of defendant company. Exceptions overruled, and order directed confirming the master's report.

Walters & Hicks, of Detroit, Mich., for claimant.
Lewis & Kelsey, of New York City, for respondent.

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

TUTTLE, District Judge. This matter comes before the court on exceptions to the report of the standing master in chancery, disallowing the claim of the Mancourt-Winters Coal Company against the receiver and bondholders of the St. Clair Paper Company for the proceeds of certain bonds of the St. Clair Paper Company delivered to the claimant under circumstances in dispute between the parties. The master found that claimant was not entitled to the proceeds of these bonds, and the latter has filed exceptions to the master's report.

Findings of fact are set forth in said report, and need not be set out in detail here. In a general way they may be summarized, as so found, as follows: The St. Clair Paper Company, before it went into the hands of the receiver herein, was in dire need of coal with which to operate its plant. It owed claimant over $13,000 for coal previously purchased by it from the latter. It desired to purchase from claimant additional coal on time, and was anxious to obtain a further line of credit for that purpose. Claimant refused to increase the amount of its open account with the paper company unless a payment or a satisfactory arrangement was made concerning the account already existing. The paper company had in its hands $6,500 worth of bonds, duly executed and delivered by it to a trustee, and available for use in meeting its obligations. The paper company, through its general manager, one Andrews, offered to deliver these bonds to the claimant, through its president, one Winters, as collateral security for the entire account, if the claimant would increase the indebtedness then existing and would ship more coal upon this account as thus increased. It was arranged that the bonds were to be sent to claimant, and if the latter found that it could use these bonds as part payment or security, it would do so and would increase the account by shipping more coal on credit. Under this oral agreement the bonds were sent by mail to claimant. Immediately on receipt of the bonds claimant notified the paper company that banks apparently did not consider them of any value, and that it could not then see its "way clear to increase" its account. At the same time claimant shipped some coal with bill of lading attached, but never thereafter shipped any coal on credit. It retained, however, the bonds, and seeks to recover the amount thereof in this proceeding.

Claimant strenuously criticizes the findings and conclusions of the master, and insists that these bonds were not delivered upon any such condition as that just mentioned, but were unconditionally delivered as collateral security for the past-due indebtedness only, and that no agreement was made that further shipments of coal were to be made on credit or the amount of this open account increased. The master did not find that the bonds were delivered as collateral security only for a future account and for coal to be delivered after the transaction in question, as counsel for claimant seems to contend, but found that the delivery of the bonds was as security for the entire account, and then only if it should be increased as stated. Without discussing or considering the question as to the conclusiveness or effect of findings of fact of a master under such circumstances, I deem it sufficient to state that, after a careful examination of the record and of the care-

ful and able arguments of counsel, I find no reason to disturb the findings of the master in the present case.

[1] The transaction on which this claim is based amounted legally to a contract whereby the paper company delivered to the claimant these bonds, either as payment or as collateral security for a portion of its open account with the latter, on condition, and in consideration of the promise, that such account should be increased by at least a reasonable amount, so that the paper company could obtain the coal which it so badly needed, but for which it was unable to pay in cash. Considering the financial condition of the company and its pressing need for coal, it seems clear that the object of the delivery of these bonds was as I have pointed out. It therefore follows that the carrying out of this arrangement by the claimant was a condition precedent to the right of claimant to retain the bonds as payment or collateral security, and that, such condition not having been fulfilled, the latter is not entitled to such bonds or the value thereof here. Pugh v. Fairmount Gold & Silver Mining Co., 112 U. S. 238, 5 Sup. Ct. 131, 28 L. Ed. 684; World's Fair Mining Co. v. Powers, 224 U. S. 173, 32 Sup. Ct. 453, 56 L. Ed. 717; Burpee v. Guggenheim (D. C.) 226 Fed. 214; 13 Corpus Juris, 564.

[2] It is further urged by claimant that, conceding that it was agreed at the time of the delivery of these bonds that the claimant would extend credit and ship this needed coal on open account, such an agreement was only a part of the consideration for the contract under which the delivery was made, the other part of such consideration being the past indebtedness for which such bonds were to be collateral security, and that therefore any failure of consideration was partial only, and does not constitute grounds for rescinding this contract. The consideration under a contract may, of course, consist of several different elements. If, however, the failure of even a portion of the consideration of a contract goes to a vital part thereof and affects the substance of the consideration it may operate in law as a total failure of consideration. Kauffman v. Raeder, 108 Fed. 171, 47 C. C. A. 278, 54 L. R. A. 247; Oscar Barnett Foundry Co. v. Crowe, 219 Fed. 450, 135 C. C. A. 162; Elliott on Contracts, vol. 3, § 2049. As, therefore, the breach of this contract was in a matter vital to its object, and the essential part of its consideration failed, it falls within the rule just referred to, and the arguments and authorities cited by counsel for claimant are, in my opinion, not applicable.

[3] Claimant also contends that the paper company and its receiver were guilty of such delay in demanding the return of these bonds as to deprive them of the right to now contest its claim to such bonds or the proceeds thereof. Here, again, I find nothing in the record which would justify me in disturbing the findings of the master, which explained this delay and showed the absence of prejudice to claimant resulting therefrom. It is, of course, elementary that delay alone, even if unreasonable, does not constitute laches. I am satisfied that, under all the circumstances, claimant cannot complain of the delay on the part of the paper company and its receiver in asserting, earlier than they did, their rights in this connection.

After a careful examination and consideration of the exceptions and arguments presented by the claimant, I have reached the conclusion that all of such exceptions should be overruled, and an order will be entered confirming the report of the master.